

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CARL GREGORY,

    Plaintiff,

v.                             Civil Action No. 3:13CV233

WILLIAM MUSE,

    Defendant.

**MEMORANDUM OPINION**

Carl Gregory, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343.

**I. Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

2

conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours

& Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations

Gregory, a Virginia inmate eligible for discretionary parole, brings this action against William Muse, Chairman of the Virginia Parole Board ("VPB"). (Compl. 2.) In September of 2012, the VPB reviewed Gregory for release on discretionary parole. (Compl. Ex. A, at 1.) The VPB denied Gregory's release on parole on the following grounds:

- Poor institutional adjustment and/or record of institutional infractions indicate that offender is not ready to conform to society
- Risk to the community
- Extensive criminal record
- Prior failure(s) and/or convictions while under community supervision, therefore, unlikely to comply with conditions of release

4

- Considering all of the offenders [sic] records, the Board concludes that the offender should serve more of the sentence prior to release on parole

(Id. at 2.) Gregory appealed that decision, noting that he had not incurred any institutional infractions at Deerfield Correctional Center, his then current place of confinement. (See Compl. Exs. B, C.) The VPB denied Gregory's appeal, noting that "[t]he information on which the request for appeal is based does not show a significant error . . . related to the stated reason(s) for the decision." (Id. Ex. B, at 1.) The VPB then reissued its letter denying parole release, but omitted any reference to Gregory's institutional infractions. (ECF No. 1-4, at 1-2.) Gregory claims the VPB violated his right to due process when it "den[ied] him parole upon inaccurate and erroneous information and thereafter forwarded him a second denial in response to an appeal without providing him with a rehearing or reconsideration based upon a new and valid reason(s)." (Compl. 4 (capitalization corrected).)

### III. Analysis

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972). Thus, the first step in analyzing a

procedural due process claim is to identify whether the alleged conduct affects a protected liberty or property interest. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). Where government action impacts a protected liberty interest, the second step is to determine "what process is due" under the circumstances. Morrissey v. Brewer, 408 U.S. 471, 481 (1972) (observing that "due process is flexible . . . . not all situations calling for procedural safeguards call for the same kind of procedure").

A liberty interest may arise from the Constitution itself, or from state laws and policies. Wilkinson v. Austin, 545 U.S. 209, 220-21 (2005). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). "With no constitutional right to parole per se, federal courts recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996) (quoting Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991)).

The United States Court of Appeals for the Fourth Circuit consistently has found the pertinent Virginia statutes fail to create a protected liberty interest in *release* on parole. See

Burnette v. Fahey, 687 F.3d 171, 181 (4th Cir. 2012) (citing Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991); Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996)). Virginia, however, has created a limited liberty interest in consideration for parole. Burnette v. Fahey, 3:10CV70, 2010 WL 4279403, at *8 (E.D. Va. Oct. 25, 2010); Burnette, 687 F.3d at 181. "'The question thus becomes what procedures are required under the Due Process Clause in [considering] an inmate for discretionary release on parole.'" Burnette, 2010 WL 4279403, at *8 (quoting Neal v. Fahey, No. 3:07cv374, 2008 WL 728892, at *2 (E.D. Va. Mar. 18, 2008)).

The Fourth Circuit has stated that the Constitution requires only a very limited amount of process in considering an inmate for parole. Specifically, "[a]t most, . . . parole authorities must furnish to the prisoner a statement of its reasons for denial of parole." Burnette, 687 F.3d at 181 (alteration and omission in original) (citation omitted) (internal quotation marks omitted). "So long as the statement provides a valid ground for denying parole, the federal courts cannot, under the guise of due process, demand more from the state." Burnette, 2010 WL 4279403, at *8 (citation omitted). Moreover, "where the denial of parole . . . rests on one constitutionally valid ground, the Board's consideration of an

7

allegedly invalid ground would not violate a constitutional right." Bloodgood v. Garraghty, 783 F.2d 470, 475 (4th Cir. 1986) (citing Zant v. Stephens, 462 U.S. 862 (1983)).

Here, the VPB provided Gregory with a statement of its reasons for denying him parole. The VPB, however, initially denied Gregory parole on the allegedly inaccurate basis of "a record of institutional infractions." (Compl. Ex. A, at 2.) Nevertheless, Gregory fails to allege, much less demonstrate, that the other reasons cited by the VPB for denying parole were invalid. Bloodgood, 783 F.2d at 475. In comparable circumstances, the Fourth Circuit has "concluded that the parole board gave constitutionally sufficient reasons when it informed the prisoner that he was denied parole release because of 'the seriousness of [his] crime' and his 'pattern of criminal conduct.'" Burnette, 2010 WL 4279403, at *8 (alteration in original) (quoting Bloodgood, 783 F.2d at 472, 474). Because Gregory has received all of the process that the Constitution requires, he fails to state a claim for relief for the denial of due process. The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

8

The Clerk is directed to send a copy of the Memorandum Opinion to Gregory.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: June 30, 2014
Richmond, Virginia